IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA A. CROYLE, Administratrix of the ESTATE OF WALTER E. CORMAN, Deceased;<br>      Plaintiff,<br><br> vs.<br><br>LARRY HUTCHISON, an individual OUTER BANKS BLUE, L.L.C. t/d/b/a OUTER BANKS BLUE REALTY SERVICE, a North Carolina Limited Liability Business Corporation;<br>      Defendants. | Civil Action No. 11-1141<br>Magistrate Judge Maureen P. Kelly<br><br><br>ECF No. 11 |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

On September 21, 2009, Plaintiff's Decedent, Walter E. Corman, tripped and fell on an entrance way mat while a seasonal tenant at property maintained and leased by Defendant Outer Banks Blue, L.L.C. t/d/b/a Outer Banks Blue Realty Service ("Defendant" or "Outer Banks Blue"). Mr. Corman apparently sustained severe injuries that allegedly led to his death.

Plaintiff, Cynthia A. Croyle ("Croyle" or "Plaintiff"), who is Mr. Corman's daughter and the Administratrix of his estate, brought this wrongful death and survival action seeking to recover damages for the losses suffered as a result Mr. Corman's death as well as for the pain and suffering he endured as a result of the accident.

Outer Banks Blue filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) ("the Motion") on September 30, 2011, arguing that the Complaint is properly dismissed as the Court is without personal jurisdiction. ECF No. 11. Plaintiff filed a response to the Motion on December 13, 2011, in which she maintains that jurisdiction is not wanting and

alternatively requests that that she be permitted to conduct discovery to develop the facts relevant to the jurisdictional issue.

For the reasons that follow, Defendant's Motion will be granted and Plaintiff's request for leave to conduct discovery will be denied.

**I.     STANDARD OF REVIEW**

Once a defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), "the plaintiff must "prov[e] by affidavits or other competent evidence that jurisdiction is proper.'" Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009), *quoting* Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996). The plaintiff, however, need only establish "a prima facie case of personal jurisdiction," and is entitled to have the allegations set forth in the complaint taken as true and all factual disputes drawn in his or her favor. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). The complaint must nevertheless contain "specific facts" rather than vague or conclusory assertions. Marten v. Godwin, 499 F.3d 290, 298 (3d Cir. 2007).

**II.    DISCUSSION**

Under Rule 4(e) of the Federal Rules of Civil Procedure, a federal district court sitting in diversity has personal jurisdiction over a non-resident defendant only to the extent that the laws of the forum state permit it. Pennsylvania's long-arm statute, 42 Pa. C.S.A. § 5322(b), provides that a court may exercise personal jurisdiction over non-resident defendants "to the constitutional limits of the due process clause of the Fourteenth Amendment." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).

The due process clause requires: (1) that the defendant have "minimum contacts" with the forum state; and (2) that the exercise of jurisdiction comports with "traditional notions of fair

play and substantial justice." Remick, 238 F.3d at 255, *quoting* International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Remick, 238 F.3d at 255, *quoting* Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109 (1987).

Personal jurisdiction may be invoked over a non-resident defendant on the basis of either general or specific jurisdiction. General jurisdiction is appropriate when the defendant's contacts with the forum are "continuous and systematic" and when the cause of action "arises from the defendant's non-forum related activities." Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 151 (3d Cir. 1995). In contrast, specific jurisdiction is properly exercised when the plaintiff's cause of action arises from the defendant's forum-related activities, "such that the defendant 'should reasonably anticipate being haled into court there.'" Id., *quoting* World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). See Remick v. Manfredy, 238 F.3d at 255. See also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 297 ("foreseeability . . . is critical to the due process analysis"). "[S]pecific jurisdiction is not established if the non-resident defendant's conduct in the forum is 'random, isolated or fortuitous.'" Planet Goalie, Inc. v. Monkeysports, Inc., 2011 WL 3876178 at * 3 (M.D. Pa. Sept. 1, 2011), *quoting* Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984).

Here, Plaintiff does not dispute that general jurisdiction over Outer Banks Blue is lacking. Rather, Plaintiff argues only that specific jurisdiction may be exercised over Defendant as Outer Banks Blue has purposefully directed its activities at Pennsylvania. ECF No. 22, p. 2. To support her position, Plaintiff points to the fact that Outer Banks Blue maintains an interactive website on which it posts information about its properties, invites email questions

3

from its users and allows its users to purchase vacation rentals. Plaintiff also represents that Mr. Corman and his family, in fact, booked their reservation at Outer Banks Blue's property through its website.

Plaintiff's Complaint, however, is devoid of any reference to Outer Banks Blue's website or any other facts from which it could be inferred that Outer Banks Blue purposefully directed its activities at Pennsylvania or that Plaintiff's claims arises out of Outer Banks Blue's activities in Pennsylvania. Because it is well established that a plaintiff may not establish jurisdictional facts in a response without the support of a sworn affidavit or other competent evidence, Plaintiff's assertions regarding Outer Banks Blue's website in her brief in opposition to Defendant's Motion cannot serve to establish personal jurisdiction. Nationwide Contractor Audit Service, Inc. v. National Compliance Management Services, Inc., 622 F. Supp. 2d 276, 282 (W.D. Pa. 2008). See Metcalfe v. Renaissance Marine, Inc., 566 F.3d at 330. See also Commonwealth of Pa. ex. rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (It is well established that the plaintiff may not attempt to amend the complaint through a brief filed in response to the defendant's motion to dismiss).

Even if the Court were to take Plaintiff's assertions regarding Outer Banks Blue's website into consideration, however, it appears that specific jurisdiction would still be lacking.

> Determining whether specific jurisdiction exists involves a three-part inquiry. . . . First, the defendant must have "'purposefully directed' his activities" at the forum. . . . Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. . . . Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" . . . Because this analysis depends on the relationship between the claims and contacts, we generally evaluate specific jurisdiction on a claim-by-claim basis.

Marten v. Godwin, 499 F.3d at 296 (internal citations omitted). Moreover, determining whether personal jurisdiction exists based on contact through an interactive website requires the Court to

assess the level of interactivity and the commercial nature of the exchange of information. Planet Goalie, Inc. v. Monkeysports, Inc., 2011 WL 3876178 at * 3. Nevertheless, "[i]t must be shown that [the] 'web site targets a particular remote jurisdiction . . . .'" Id. at * 4, *quoting* Hershey Co. v. Pagosa Candy Co., 2008 WL 1730538 at *5 (M. D. Pa. April 10, 2008).

Here, Plaintiff has failed to show either that Outer Banks Blue purposefully directed its activities at Pennsylvania or that her claims arise out of or relate to Outer Banks Blue's activities in this forum. Indeed, in her brief Plaintiff states only that "Plaintiff's decedent and his family booked their reservations ... through Defendant, Outer Banks Blue's website," and that "Defendant's site is interactive with users in various ways including, posting information on their site about their properties, inviting email questions and responses from its users as well as making the actual purchase of vacation rentals on said site." ECF No. 22, pp. 2, 3. Noticeably absent is any assertion that Outer Banks Blue's website specifically targeted Pennsylvania residents and any reference to any specific actions taken by Outer Banks Blue relative to the reservation process. Under these circumstances, it cannot be said that Outer Banks Blue purposefully directed its activities at Pennsylvania. See Planet Goalie, Inc. v. Monkeysports, Inc., 2011 WL 3876178 at *5 (declining to exercise specific jurisdiction over Defendant even where nine percent of Defendant's sales occurred in Pennsylvania where Plaintiff failed to show that Defendant's website specifically targeted Pennsylvania residents); Haffen v. Butler Specialties, Inc., 2011 WL 831933 at *4 (D.N.J. Mar. 3, 2011) (noting that the contract at issue "came about as the result of Plaintiff's reaching out to Defendant in North Carolina, and not of Defendant's purposeful availment of Plaintiff's forum"). See also Orazi v. Hilton Hotels Corp., 2010 WL 4751728 at *3 (E.D. Pa. Nov. 22, 2010).

Further, it is apparent that Plaintiff is unable to establish the second element necessary to find specific jurisdiction as the cause of action does not arise from any forum related activities. Marten, 499 F.3d at 296. See General Electric Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) ("[q]uestions of specific jurisdiction are properly tied to the particular claims asserted"). To the contrary, Plaintiff's claims stem from an accident that occurred in North Carolina as the result of Outer Banks Blue's allegedly negligent conduct in North Carolina, and are not in any way related to any activity Outer Banks Blue may have conducted in Pennsylvania. See Marten, 499 F.3d at 296. See also Live Face on Web, LLC v. iSpeakVideo.com, 2012 WL 1867548 at *5 (E.D. Pa. May 22, 2012) (finding that Plaintiff's residence in Pennsylvania was insufficient to invoke specific jurisdiction over the defendant where the focus of the defendant's activities out of which the suit arose occurred in Florida); Haffen v. Butler Specialties, Inc., 2011 WL 831933 at *4 ("Much like the Plaintiff in the instant case, the Plaintiff in *Koczkodon* 'points to contacts that she argues constitute purposeful availment of the forum, including the defendants' website.' But much like the Plaintiff in *Koczdokon*, '[s]he has failed to demonstrate that her claim in any way arises from or relates to those contacts with the forum'"); Koczkodon v. Grand Versailles, LLC, 2010 WL 3656037 at *1 (E.D. Pa. Sept. 17, 2010) ("[a]lthough the plaintiff points to contacts that she argues constitute purposeful availment of the forum, including the defendants' website and the hosting of Pennsylvania residents at their facility in New Jersey, she has failed to demonstrate that her claim in any way arises from or relates to those contacts with the forum. Instead, the plaintiff's claim sounds in personal injury based on the defendants' conduct in New Jersey"). As such, Plaintiff has failed to demonstrate that the requirements of due process have been met or that the specific jurisdiction is properly exercised.

Nor do the cases upon which Plaintiff relies compel a different result. See <u>Maritz, Inc. v. Cybergold, Inc.</u>, 947 F. Supp. 1328 (E.D. Mo. 1996); <u>Zippo Manufacturing Co. v. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119 (W.D. Pa. 1997). In <u>Maritz</u>, Cybergold's website provided information about an upcoming service whereby it would maintain a mailing list of internet users who provided Cybergold with his or her particular areas of interest. <u>Id.</u> at 1330. Cybergold, having separately contracted with certain advertisers, would then forward advertisements to the user that match the user's selected interests. <u>Id.</u> The Court found that because the plaintiff had alleged that Cybergold's actions infringed on its trademark in violation of the Lanham Act, it had personal jurisdiction over Cybergold under the "commission of a tortious act" provision of Missouri's its long arm statute. <u>Id.</u> at 1331. In assessing whether exercising personal jurisdiction would violate due process, the Court found that by setting up the website and posting information in the form of an advertisement or solicitation, Cybergold intended to reach all internet users including residents of Missouri. Hence, the Court concluded that the requisite minimum contacts had been established to warrant the exercise of personal jurisdiction. <u>Id.</u> at 1332-1333.

<u>Maritz</u>, however, is not only not controlling in this jurisdiction but is contrary to cases that have been decided in this jurisdiction, including <u>Zippo</u>, upon which Plaintiff herself relies. See <u>Molnlycke Health care AB v. Dumex Medical Surgical Products, LTD.</u>, 64 F. Supp. 2d 448, 453 n.5 (E.D. Pa. 1999) (declining to follow <u>Maritz</u>, finding that the website at issue in that case would not provide the basis for exercising jurisdiction in Pennsylvania). Indeed, although the Court in <u>Zippo</u> found that the nature and quality of the defendant's commercial activity through its website was such that the Court could properly exercise specific jurisdiction, it also found that the defendant had "done more than create an interactive Web site through which it exchanges

7

information with Pennsylvania in hopes of using that information for commercial gain later." Zippo, 952 F.2d at 1225. The "something more" was the fact that the defendant had consummated approximately 3000 contracts with Pennsylvania individuals and seven Internet access providers in Pennsylvania. Id. at 1126. Moreover, because the messages defendant transmitted over the internet through its website were alleged to have infringed on the plaintiff's trademark, the Court was able to conclude that the plaintiff's cause of action arose out of the defendant's forum related conduct thereby satisfying the second prong of the test for specific jurisdiction as well. Id. at 1127.

Plaintiff in the instant case, however, has not suggested that Outer Banks Blue has done anything more than create an interactive Web site through which can provide information to internet users and allow internet users to contact it to make reservations.[1] In addition, in both Maritz and Zippo, it was the maintenance of the website itself that gave rise to the cause of action, i.e., trademark infringement. In this case, however, even if making a reservation through Defendant's website could be considered sufficient contact with Pennsylvania for purposes of specific jurisdiction, that contact does not provide the basis for Plaintiff's wrongful death or survival causes of action. Rather, as previously discussed, the conduct of which Plaintiff complains occurred in North Carolina. As such, it cannot be said that Outer Banks Blue could

---

[1] In this manner, Bell v. Imperial Palace Hotel/casino, Inc., 200 F. Supp. 2d 1082 (E.D. Mo. 2001), upon which Defendant relies is instructive. In Bell, the Court specifically addressed the nature of the hotel business vis-à-vis the internet, finding that, although reservations can be made over the internet, merely making reservations is distinguishable from ordering goods where the entire transaction is completed online and the transmission of the goods into the forum state is brought about through the order alone. Id. at 1088. Where reservations are made on hotel websites, however, the Court noted that "[n]either party anticipates that goods, services, or information of intrinsic value will be transmitted or provided in the forum state as a result of the internet exchange of information. To the contrary, both parties recognize that the internet exchange is simply preliminary to the individual traveling outside the forum state to use the service. . . . The purpose of the internet interaction is not achieved until the resident customer leaves the forum state and arrives at the hotel destination." Id. Under these circumstances, the Court concluded that the plaintiff was unable to establish the necessary minimum contacts for specific jurisdiction. Moreover, like in the instant case, the Court also noted that there was an absence of any evidence that the defendant directly advertised or solicited business in the forum state, and that the plaintiff's personal injury suit stemming from a fall in the hotel in Las Vegas was entirely unrelated to the defendant's website. Id.

reasonably foresee being haled into court in Pennsylvania and precludes a finding that due process has been satisfied.

In the alternative, Plaintiff asks that she be granted leave to conduct discovery to develop "disputed and unknown" jurisdictional facts. ECF No. 22, p. 4.

As the United States Court of Appeals for the Third Circuit has recently stated:

> As a general rule, jurisdictional discovery is allowed unless the claim of jurisdiction is "clearly frivolous." *Toys "R" Us[, Inc. v. Step Two, S.A.]*, 318 F.3d [446,] 456 [3d Cir. 2003]. In order to demonstrate that the claim is not clearly frivolous, the plaintiff must "present[ ] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *Id.* (internal quotations omitted). Most recently, this Court has cautioned against allowing jurisdictional discovery to serve as "a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

LaSala v. Marfin Popular Bank Public Co., 410 F. App'x 474, 478 (3d Cir. 2011).

Here, Plaintiff has not alleged any facts that suggest the possible existence of the requisite contacts between Outer Banks Blue and Pennsylvania to establish personal jurisdiction. Nor does it appear likely that any such facts exist given the Court's findings that booking a reservation on Defendant's website is insufficient to establish that Defendant purposefully directed its activities at the Pennsylvania and, more importantly, that Plaintiff's cause of action does not arise from any of Defendant's forum-related activities. Because it is unclear what facts Plaintiff believes she will uncover to overcome these obstacles, and Plaintiff has not otherwise suggested to the Court how discovery will aide her in establishing jurisdiction, her request is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2), ECF No. 11, is granted, and Plaintiff's request for leave to conduct discovery is denied.

### ORDER

AND NOW, this 20th day of June, 2012, upon consideration of Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2), IT IS HEREBY ORDERED that the Motion, ECF No. 11, is GRANTED.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record Via CM-ECF